UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)  Case No. 12-22983
)  Chapter 13
PAUL JOHN DEMO, JR. )
JEANETTE MARIE DEMO )
       Debtors. )

### DEBTORS' FIRST AMENDMENT TO DEBTORS' CHAPTER 13 PLAN

**COMES NOW** the Debtors, by and through their counsel of record, and submits to the Court the attached Debtor's First Amended Chapter 13 Plan.

Respectfully Submitted,

**CHAPIN LAW FIRM, LLC**


s/ MATTHEW D. MENTZER_____
MATTHEW D. MENTZER
KS Bar No. 23856
11212 Johnson Drive
Shawnee, KS 66203
(913) 385-0600

**ATTORNEY FOR DEBTORS**

## CERTIFICATE OF SERVICE

    I hereby certify that on this Monday, January 14, 2013, a true and correct copy of the Debtor's First Amendment to Debtor's First Amended Chapter 13 Plan electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, and was forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses on the attached matrix who do not receive notice electronically via CM/ECF.

                                            s/ MATTHEW D. MENTZER
                                            MATTHEW D. MENTZER

## DECLARATION UNDER PENALTY OF PERJURY BY DEBTORS

    **We**, the undersigned, declare under penalty of perjury that we have read the foregoing Debtors' First Amendment to Debtor's First Amended Chapter 13 Plan and that it is true and correct to the best of our knowledge, information and belief.

Date: January 14, 2013                  Signature: /s/PAUL JOHN DEMO, JR.
                                                    PAUL JOHN DEMO, JR.

                                                      /s/JEANETTE MARIE DEMO
                                                      JEANETTE MARIE DEMO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
)
PAUL JOHN DEMO, JR. ) CASE NO: 12-22983
JEANETTE MARIE DEMO ) CHAPTER 13
)
DEBTOR(S). )

FIRST AMENDED CHAPTER 13 PLAN

Debtor or Debtors (hereafter Debtor) proposes:

1. **PLAN TERMS**:

   a. The Applicable Commitment Period (the time over which the Plan will run) is not less than 3 years, but in any event, not more than 5 years.

   b. Plan payments will be in the following amounts:

   | $4,140.00 | for | 60 | months = | $248,400.00 |
   |---|---|---|---|---|
   | $ | for | | months = | |
   | $ | for | | months = | |

   c. Plan payments include the following total amount being paid pursuant to the means test calculation from Official Form 22C: $0.00.

   d. Plan payments shall be made by:

   ☐ Employer pay order directed to:

   ☐ Debtor's Employer
   (retype Debtor's name for clarification)

   Payment order to this employer shall be in the monthly amount of: $0.00
       Employer name and address:

   ☐ Joint Debtor's Employer
   (retype Joint Debtor's name for clarification)

   Payment order to this employer shall be in the monthly amount of: $0.00
       Employer name and address:

   ☒ Debtor pay order directed to Debtor

**NON-STANDARD PROVISIONS FOR ¶ 1:**
Debtor is self-employed, so Order for Payment to Trustee will need to be issued to Debtor.

2. **EFFECT OF CONFIRMATION:**

ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN MAY BE DEEMED TO HAVE ACCEPTED THE PLAN. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.

CONFIRMATION OF THE PLAN WILL BE DEEMED A FINDING BY THE BANKRUPTCY COURT THAT DEBTOR HAS COMPLIED WITH ALL OF THE APPLICABLE SECTIONS OF 11 U.S.C. §§ 1322 AND 1325 AND THAT DEBTOR HAS FULFILLED ALL PRE-CONFIRMATION OBLIGATIONS UNDER 11 U.S.C. § 521.

3. **ADMINISTRATIVE FEES:**

   a. The Chapter 13 Trustee will be paid up to 10% on all funds disbursed.

   b. Debtor's attorney fees will be paid through the Plan as stated below, subject to modification by the Trustee of the time period over which fees will be paid, as necessary to make the Plan feasible. Counsel for Debtor reserves the right to submit additional fee applications, but payment is subject to Court approval. Debtor consents to such increases in Plan payments as may be necessary to pay any approved additional fees.

| | |
|---|---:|
| Total fees for the case: | $4000.00 |
| Total fees paid to date: | $2000.00 |
| **Balance of fees to be paid through the Plan:** | **$2000.00** |
| Number of months over which fees shall be paid: | 12 |

**NON-STANDARD PROVISIONS FOR ¶ 3:**
N/A

4. **FILING FEE:**

   ☒ The filing fee has been paid.

   OR

   ☐ $_____ has been paid and the balance of $_____ will be paid by the Trustee.

5. **TAX RETURNS:** Federal and state tax returns for the preceding four years:

   ☒ have been filed; or,

   ☐ have not been filed. Debtor has not filed returns for the following years:

   .

**NON-STANDARD PROVISIONS FOR ¶ 5:**
N/A

6. **DOMESTIC SUPPORT OBLIGATIONS:** Domestic Support Obligations (hereafter, "DSO") are defined by 11 U.S.C. § 101(14A), but usually encompass most child support and alimony obligations.

**Status:**

1) ☒ The Debtor does NOT owe a DSO.
2) ☐ The Debtor DOES owe a DSO. (Complete entire section if DSO owed.)

    a. **Type of DSO owed:** The obligation consists of payments that are: (select any that are applicable)

        1) ☐ Ongoing (post-petition DSO payments)
        2) ☐ Arrearage

    b. **Ongoing post-petition payments:** If Debtor has an existing order under state law to pay a DSO obligation, that will continue and the payment will be made outside the Plan in accordance with that order. If Debtor does not have an existing DSO order, and intends to pay any DSO through the Plan, Debtor must specify treatment of the ongoing DSO in the "Non-Standard Provisions" section for paragraph 6.

    c. **Arrearages for Pre-Petition DSO:** Any pre-petition amount due on a DSO will be:

        ☐ paid in full through the Plan; or,
        ☐ paid in full, directly outside the Plan, through an existing order; or,
        ☐ not paid (and not discharged) because Debtor is paying all projected disposable income for a 5-year period through the Plan and the arrearage has been assigned to a governmental unit as defined by 11 U.S.C. § 507(a)(1)(B).

    d. **Summary:** Below is a summary of all Domestic Support Obligations.

| NAME OF RECIPIENT | PRE-PETITION ARREARS (if any) |
|---|---|
|  | $ |
|  | $ |
|  | $ |

    e. **Domestic Support Obligations and Discharge:** If Debtor pays all DSO arrearages and all ongoing DSO payments, if any, in accordance with this Plan, Debtor will be deemed "current" for the purpose of being eligible for discharge, upon completion of the Plan.

**NON-STANDARD PROVISIONS FOR ¶ 6:**
N/A


7. **PRIORITY CLAIMS:**

    a. **General Provision:** Debtor will pay all allowed priority claims under 11 U.S.C. § 507 without post-petition interest. The Chapter 13 Trustee will pay the amount contained in the creditor's proof of claim, unless the Court sustains an objection filed by Debtor to the claim. If a priority claim creditor also claims a secured debt, the secured portion will be treated as a secured claim together with Trustee's discount rate of interest as of the petition date, except tax claims, which will be paid interest at the applicable non-bankruptcy rate pursuant to 11 U.S.C. § 511.

    b. **Amounts Owed:** Debtor estimates that these priority creditors are owed the amounts indicated.

| PRIORITY CREDITOR | EST. AMOUNT OWED |
|---|---|
| 1. Internal Revenue Service | $26,613.00 |
| 2. Kansas Department of Revenue – Inc. | $3,234.00 |
| 3. Kansas Department of Revenue -With | $14,342.00 |
| 4. | $ |

    c. **Discharge:** Payments through the Trustee of the principal and pre-petition interest, if applicable, due on allowed pre-petition priority claims will result in a full and total discharge of all Debtor's obligations for those claims to the extent such debts are not otherwise excepted from discharge pursuant to the Bankruptcy Code.

**NON-STANDARD PROVISIONS FOR ¶ 7:**
N/A

8. **RELIEF FROM STAY REGARDING PROPERTY TO BE SURRENDERED:** On Plan confirmation, any creditor may repossess, foreclose upon, sell or obtain possession of the property the Plan proposes to surrender without obtaining stay relief. This provision does not prevent the earlier termination of the stay under operation of law or court order. Nothing contained in this section operates to modify any applicable co-Debtor stay or to abrogate Debtor's rights and remedies under non-bankruptcy law. The trustee shall not make distributions on account of any secured claim in this class.

| PROPERTY TO BE SURRENDERED | CREDITOR WITH SECURED CLAIM |
|---|---|
| 2005 Sandpiper 5th Wheel Camper | Great Southern Bank |
| 2006 Crownline Boat | Santander Consumer USA |
| Mattress | Nebraska Furniture Mart |

**NON-STANDARD PROVISIONS FOR ¶ 8:**
N/A

9. **DEBTS SECURED BY REAL ESTATE.**

    a. **Any creditor claiming a lien on any real property Debtor intends to retain will retain its lien pursuant to 11 U.S.C. § 1325(a)(5).**

    b. **Debts secured by Debtor's Principal Residence:** These debts must be paid pursuant to U.S. Bankr. Ct. D. Kan. Standing Order 09-2 (hereafter S.O. 09-2) which, as currently enacted or subsequently amended, is incorporated herein as though set forth in full. To the extent any Provision of this Plan conflicts with S.O. 09-2, the provisions of S.O. 09-2 control.

i. **Debtor declares as follows (check one):**

☐ Debtor has no principal residential real estate mortgage debt or is surrendering the principal residential real estate pursuant to ¶ 8; or,

☐ Debtor is current on all pre-petition mortgage payments secured by a mortgage on the principal residence and will pay all post-petition mortgage payments directly to the real property creditor as defined by S.O. 09-2; or,

☒ Debtor is not current on all pre-petition mortgage payments and will pay all post-petition mortgage payments through the Plan. The number of post-petition payments will be equivalent to the number of months from the first post-petition payment due under the Plan to the month after the last monthly payment under the Plan is made. The first post-petition mortgage payment through the Plan will begin with the **December, 2012** payment, which is the third mortgage payment due after the filing of the petition. **The Chapter 13 Trustee will not make any disbursement of ongoing post-petition mortgage payments until the real property creditor files a proof of claim.** At the completion of the term of the Plan, Debtor will resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

ii. **Treatment of first two payments when paying post-petition mortgage payments through Plan:** The sum of (a) the two monthly post-petition mortgage payments coming due before the Trustee commences distribution of the regular ongoing mortgage payment under the Plan, (b) the two late fees, and (c) any contract interest (said sum referred to in this Plan as "Conduit Administrative Expenses") will be paid pursuant to S.O. 09-2(V)(B).

iii. **Payments on pre-petition mortgage arrearage:** These will be paid pro-rata with other similarly classed creditors over the life of the Plan. The Trustee will pay the arrearage contained in the creditor's proof of claim unless an objection is filed and sustained.

iv. **Interest on pre-petition arrearage:** Unless otherwise ordered by the Court, interest on the arrearage will be paid as follows:

☐ Interest will not be paid on the pre-petition arrearage.

☐ Contract rate interest will be paid on the pre-petition arrearage.

v. **List of debts secured by Debtor's principal residence.**

| REAL PROPERTY CREDITOR | LIEN PRIORITY (1ST, 2ND, 3RD) | AMOUNT OWED | EST. PRE-PETITION ARREARAGE AMOUNT | ONGOING MONTHLY PAYMENT |
|---|---|---|---|---|
| Homeward Residential | 1st | 199,726.00 | $13,947 | $2,130.69 |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

vi. **Effect of payment on pre-petition arrearage:** If Debtor pays the pre-petition arrearage determined by the Plan, together with interest required by the Plan, the pre-petition default will be cured and the note and other loan documents will be

Model Form Plan 2/1/2011

deemed current as of the date of filing. Any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events will be deemed extinguished.

              vii. **Effect of payment of post-petition payments through the Plan:** If Debtor pays the Conduit Administrative Expense and all post-petition mortgage payments through the Plan, any post-petition default on Debtor's residential home mortgage debt will be deemed cured, and all payments made on the debt through the date of Plan completion are current, with no arrearage, no escrow balance, late charges, cost or attorney fees owing.

**NON-STANDARD PROVISIONS FOR ¶ 9(b):**
N/A

    c. **Other Debts Secured by Non-residential Real Estate Liens**

        i. **Treatment of Claims of Real Estate Creditor when Payments Are Current.** As of the petition date, Debtor is current on all obligations to the Real Estate Creditors listed below and will pay the obligation(s) to any Real Estate Creditor listed below directly, and not through the Trustee.

| CREDITOR | COLLATERAL | DEBT |
|---|---|---|
| N/A | | $ |
| | | $ |
| | | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(i):**
    N/A

        ii. **Treatment of Claims When Debtor is Not Current and Debtor Proposes to Cure Pursuant to 11 U.S.C. § 1322 (but does not otherwise propose to modify claim).**

            A) Debtor will pay all post-petition mortgage payments directly to the Real Estate Creditor listed below. Any arrearages will be paid pro-rata over the life of the Plan with other secured claims also being paid on a pro-rata basis. The Trustee will pay the arrearage contained in the creditor's proof of claim unless an objection is filed and sustained.

            B) Unless otherwise ordered by the Court, interest on the arrearage will be paid as follows:

                ☐ Interest will not be paid on the pre-petition arrearage.

                ☐ Contract rate interest will be paid on the pre-petition arrearage.

            C) If Debtor pays the pre-petition arrearage amount as determined by the Plan, together with applicable interest required by the Plan, any pre-petition default will be deemed cured and the note and other loan documents will be deemed current as of the date of filing. Any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events will be deemed extinguished.

| REAL ESTATE CREDITOR | COLLATERAL | AMOUNT OWED | EST. PRE-PETITION ARREARAGE AMOUNT |
|---|---|---|---|
| N/A | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(ii):**
N/A

### iii. Treatment of Secured Claims Being Modified Through Plan.

    A) Real Estate Creditors listed below will be paid through the plan the value of the collateral or the amount of the claim, <u>whichever is less</u>, unless otherwise specified.

    B) If Debtor proposes to pay the Real Estate Creditor on a pro rata basis with other secured claims also being paid on a pro-rata basis, rather than a fixed monthly amount as listed below, such provision must be included in the "Non-Standard Provisions" section for ¶ 9(c)(iii).

    C) Interest will be paid on secured claims at the Trustee's current discount rate in effect on the date the Petition was filed unless otherwise provided in the "Non-Standard Provisions" section for ¶ 9(c)(iii).

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(iii):**
N/A

    iv. **Monthly payments:** Any creditor treated in ¶ 9(c)(ii) and (iii) will receive monthly payments as listed above from the funds available to pay those claims after the deduction of Trustee fees. If the Trustee does not have sufficient funds to pay the specific amount noted, the Trustee may adjust the payment so long as the claim will be paid before Plan completion.

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(iv):**
N/A

## 10. DEBTS SECURED BY PERSONAL PROPERTY

    a. **Lien retention and release:** Any secured creditor whose note is secured by personal property, including "910 car" loan creditors and "one year loan" creditors, as those are defined by the paragraph following 11 U.S.C. § 1325(a)(9), will retain its lien pursuant to 11 U.S.C. § 1325(a)(5) and shall be required to release the lien at the time designated by 11 U.S.C. § 1325(a)(5).

**NON-STANDARD PROVISIONS FOR ¶ 10(a):**
N/A

**b. Monthly payments:** Debtor proposes to pay personal property secured creditors equal monthly amounts listed below from the funds available to pay those claims after the deduction of Trustee fees. If the Trustee does not have sufficient funds to pay the specific amount noted, the Trustee may adjust the payment so long as the claim will be paid before Plan completion. Interest will be paid on these claims at the Trustee's discount rate in effect on the date the Petition was filed, unless otherwise provided in the "Non-Standard Provisions" section for each associated paragraph.

**NON-STANDARD PROVISIONS FOR ¶ 10(b):**
N/A

**c. Pre-Confirmation Payments:** If Debtor proposes to make pre-confirmation payments, the amount stated below will be paid by the Trustee each month as if the Plan were confirmed and will continue to be paid upon confirmation. If Debtor proposes to pay these claims on a pro rata basis, such provision must be listed in the "Non-Standard Provisions" following each section. Any pre-confirmation payments paid by the Trustee will be credited against the allowed secured claim as though the Plan had been confirmed. **TO RECEIVE ANY PAYMENT (PRE- OR POST-CONFIRMATION), A CREDITOR MUST FILE A CLAIM THAT IS ALLOWED.**

**NON-STANDARD PROVISIONS FOR ¶ 10(c):**
N/A

**d. GENERAL SECURED CLAIMS:** Any creditor listed below whose claim is secured by personal property (other than 910 car loan or one year loan creditors) will be paid the value of its collateral or the amount of the claim, **whichever is less**, unless otherwise specified in the "Non-Standard Provisions" section for ¶ 10(d).

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| Internal Revenue Service | Personal Property on Sch. B. | $41,819 | $41,819 | $770.16 |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(d):**
N/A

**e. 910 CAR LOAN CREDITORS** Each "910 car loan" creditor listed below will be paid the amount of the debt owed, unless the creditor agrees to receipt of less than the full amount under the Plan. **[Debtor must specifically include in the "Non-Standard Provisions" section for ¶ 10(e) if there is any attempt to pay less than the full amount of the claim.]** The Monthly Payment specified is an estimate, and the actual amount may vary, depending upon the amount of the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(e):**
N/A

**f. ONE YEAR LOAN CREDITORS** The following creditors are one year loan creditors. Debtor proposes to pay these creditors the balance of the debt owed unless the creditor agrees to receipt of less than the full amount under the Plan. **[Debtor must specifically include in the "Non-Standard Provisions" section for ¶ 10(f) if there is any attempt to pay less than the full amount of the claim.]** The Monthly Payment specified is an estimate, and the actual amount may vary, depending upon the amount of the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(f):**
N/A

11. **SPECIAL CLASS CREDITORS:**

☐ There are no Special Class Creditors. (If neither box is selected, it will be deemed that no Special Class Creditors exist.)

OR

☐ The following listed creditors are Special Class Creditors. They will NOT share pro rata in the amount to be paid to general unsecured creditors as determined by Official Form 22C or the liquidated value of the estate pursuant to the "Best Interest of Creditors" test. Special Class Creditors will be paid pro rata with other specially classed creditors, if any, following payment of administrative claims, secured claims and priority claims in the manner provided by this Plan.

| CREDITOR | TOTAL DEBT | INTEREST RATE, IF ANY |
|---|---|---|
| N/A | $ | 0.00% |
| | $ | 0.00% |
| | $ | 0.00% |

**NON-STANDARD PROVISIONS FOR ¶ 11, including identity and specific treatment of any Special Class Creditor:**
N/A

12. **STUDENT LOAN OBLIGATIONS:** Any student loan will be paid, pro rata, with other general unsecured creditors. Interest will continue to accrue post-petition on non-dischargeable student loans and post-petition interest will only be paid to non-dischargeable student loans if allowed by 11 U.S.C. § 1322(a)(10). Any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and is excepted from discharge unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

**NON-STANDARD PROVISIONS FOR ¶ 12:**
At this time, Debtor, Jeanette Demo is still a student, so no student loan payments are due. However, student loan payments will be made outside of the plan once the Debtor is no longer a student.

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Debtor will pay directly to the creditor any pre-petition arrearages and post-petition payments on executory contracts and unexpired leases that Debtor assumes.

**NON-STANDARD PROVISIONS FOR ¶ 13:**
N/A

14. **GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, including administrative and priority claims, from Debtor's projected disposable income in an amount not less than the amount those creditors would receive if the estate of Debtor were liquidated under chapter 7 on the date of confirmation pursuant to 11 U.S.C. § 1325(a)(4), the "best interest of creditors" test.

**NON-STANDARD PROVISIONS FOR ¶ 14:**
N/A

15. **"BEST INTERESTS OF CREDITORS TEST."** Debtor represents that the property listed below would have the designated liquidation value if it were liquidated in a Chapter 7 case. (List property, explain how the computation of the liquidation value was made, or attach a separate document explaining computation.)

    a. **Total liquidation value:** $0.00

    b. **Explanation of Calculation:**

**NON-STANDARD PROVISIONS FOR ¶ 15:**
N/A

16. **PROPERTY OF THE ESTATE:**

    a. In addition to the property specified in 11 U.S.C. § 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, Debtor will remain in possession of all property of the estate.

    b. All property of the estate will vest in Debtor at discharge or dismissal of the case.

**NON-STANDARD PROVISIONS FOR ¶ 16:**
N/A

17. **OTHER GENERAL PLAN PROVISIONS:**
(List any other Plan provision here that is not already noted, does not relate to a provision above, where space is not available, or that deviates from the model plan.)
N/A

18. **This Plan contains no provisions deviating from the model plan adopted by the Court and in effect at the time of the filing of this case unless they are specifically set out in ¶ 17 or in the specific "NON-STANDARD PROVISIONS" sections contained in the model plan.**

Dated: 1/14/2013           Debtor:   s/Paul John Demo, Jr.

                           Debtor:   s/Jeanette Marie Demo

s/Matthew D. Mentzer
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: PAUL JOHN DEMO JR. )
JEANETTE MARIE DEMO )
)  CASE NO. 12-22983
)
)
)
_____)

## NOTICE WITH OPPORTUNITY FOR NONEVIDENTIARY HEARING ON DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

**NOTICE IS HEREBY GIVEN** that any objections to the above-captioned must be filed with the Clerk of the U.S. Bankruptcy Court at Kansas City, Kansas on or before February 4, 2013.

A confirmation hearing will be held before the U.S. Bankruptcy Court, US Courthouse, Courtroom 151, Kansas City, Kansas, on February 12, 2013 at 9:30 a.m., or as soon thereafter as the Court's schedule permits. If you file an objection, you must appear at the hearing unless you have submitted an agreed order in advance signed by all parties or their counsel.

Respectfully Submitted by:

/s/Matthew D. Mentzer
Matthew D. Mentzer  #23856
Chapin Law Firm, LLC
11212 Johnson Dr.
Shawnee, Kansas 66203
(913) 385-0600
(913) 385-0613 - FAX
ATTORNEY FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this Monday, January 14, 2013, a true and correct copy of the Debtor's First Amended Chapter 13 Plan electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, and was forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses on the attached matrix who do not receive notice electronically via CM/ECF.

/S/ MATTHEW D. MENTZER

Demo, Paul John Jr.
18175 W. 156th Street
Olathe, KS  66062-0000

Demo, Jeanette Marie
18175 W. 156th Street
Olathe, KS  66062-0000

Account Recovery Specil
3505 W. Topeka St.
Wichita, KS  67219-0000

Alliance Radiology
P.O. Box 809012
Kansas City, MO  64180-9012

Allied Insurance
P.O. Box 280431, Hartland St., Suite 401
East Hartford, CT  06128-0431

Allied Interstate
300 Corporate Exchange Dr., 5th Floor
Columbus, OH  43231-0000

AMCA
P.O. Box 1235
Elmsford, NY  10523-0935

American Express
P.O. Box 650448
Dallas, TX  75265-0448

American Express
P.O. Box 26312
Lehigh Valley, PA  18002-6312

American Kenpo Karate Academy
2073 E. Santa Fe
Olathe, KS  66062

American Medical Collection Agency
4 Westchester Plaza, Bldg 4
Elmsford, NY  10523-0000

Amex
Po Box 297871
Fort Lauderdale, FL  33329

Asset Recovery Solutions, LLC
C/O Berman & Rabin
15280 Metcalf Avenue
Overland Park, KS  66223

Berman & Rabin
15280 Metcalf Avenue
Overland Park, KS  66223-0000

Berman & Rabin
P.O. Box 24327
Overland Park, KS  66283-0000

Burns Burns Walsh & Walsh PA
P.O. Box 487, 704 Topeka Avenue
Lyndon, KS  66451-0487

CAC Financial Corp
2601 NW Expwy, Suite 1000
E. Oklahoma City, OK  73112-0000

Cach, Llc (original Creditor:ge Money Ba
4340 S Monaco, Second Floor
Denver, CO  80237

Capital One Bank USA
Po Box 85520
Richmond, VA  23285

Cavalry Portfolio Serv (original Credito
500 Summit Lake Dr
Valhalla, NY  10595

Cavalry Portfolio Services LLC
P.O. Box 1017
Hawthorne, NY  10532-0000

CBE Group
1309 Technology Pkwy
Cedar Falls, IA  50613-0000

Chase
Po Box 15298
Wilmington, DE  19850

Children Mercy Hospital
P.O. Box 803302
Kansas City, MO  64180-3302

Children's Mercy Hospitals And Clinics
P.O. Box 804435
Kansas City, MO  64180-4435

Citifinancial
300 Saint Paul Pl
Baltimore, MD  21202

Clerk Of Johnson County District Court
Case No. 12LA1473
100 N. Kansas Avenue
Olathe, KS  66061

Clerk Of Johnson County District Court
Case No. 12LA2739
100 N. Kansas Avenue
Olathe, KS  66061

Clerk Of Johnson County District Court
Case No. 09LA1129
100 N. Kansas Avenue
Olathe, KS  66061

Clerk Of Johnson County District Court
Case No. 11LA9399
100 N. Kansas Avenue
Olathe, KS  66061

Kohls/capone
Po Box 3115
Milwaukee, WI 53201

KCI
P.O. Box 14765
Shawnee Mission, KS 66285-4765

Kansas Department Of Revenue
Director Of Taxation
915 SW. Harrison
Topeka, KS 66625-3512

Kansas City Homes & Gardens
2305 Newpointe Pky
Lawrenceville, GA 30043-5530

Johnson County Treasurer
111 S. Cherry St., Ste 1500
Olathe, KS 66061-3451

John F. Michaels
Attorney At Law
P.O. Box 7507
Overland Park, KS 66207-0000

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Hsbc/bsbuy
Po Box 5253
Carol Stream, IL 60197

Homeward Residential
1525 S Belt Line Rd
Coppell, TX 75019

Healthcare Finanical Associates
P.O. Box 803302
Kansas City, MO 64180-3302

Haase&long (original Creditor:medical)
303 West 11th St
Lawrence, KS 66044

Great Southern Bank
1451 E Battlefield St
Springfield, MO 65804

Golden Valley Medical
1602 N. Second
Clinton, MO 64735

Gary Hubbard
102 Brown Ave
Osawatomie, KS 66064-0000

Gary Hubbard
102 Brown Ave
Osawatomie, KS 66064-0000

Frederick J. Hanna & Assoc
1427 Roswell Rd.
Marietta, GA 30062-0000

Ford Cred
Po Box Box 542000
Omaha, NE 68154

Exe Fin Con (original Creditor:medical)
310 Armour Rd Suite 220
Nkc, MO 64116

Evans Mullinix
Attorneys At Law
7225 Renner Rd, Suite 200
Shawnee, KS 66217-0000

Escallate Llc (original Creditor:solarus
5200 Stoneham Rd
North Canton, OH 44720

Enhanced Recovery Company
8014 Bayberry Rd.
Jacksonville, FL 32256-7412

Enhanced Recovery Co L (original Credito
8014 Bayberry Rd
Jacksonville, FL 32256

Emergency Medicine Care LLC
P.O. Box 716
Overland Park, KS 66201-0716

Emergency Medical Care LLC
C/O ARSI Account Recovery Specialists
3505 No. Topeka
Wichita, KS 67219

Discovr Cd
Po Box15316
Wilmington, DE 19850-5316

David J. Cobb DDS, PA
975 N. Mur-Len Ste #A
Olathe, KS 66062

Credit World Services, Inc.
6000 Martway St.
Shawnee Mission, KS 66202-3339

Client Services INc
3451 Harry S. Truman Blvd
St. Charles, MO 63301-4047

Clerk Of Johnson County District Court
Case No. 12LA7998
100 N. Kansas Avenue
Olathe, KS 66061

Clerk Of Johnson County District Court
Case No. 12CV8082
100 N. Kansas Avenue
Olathe, KS 66061

Physicians Reference Laboratory LLC
P.O. Box 879593
Kansas City, MO  64187-0001

Optima Recovery Services LLC
6215 Kingston Pike, Ste B, Box 52968
Knoxville, TN  37950-2968

Optima Recovery Servic (original Credito
6215 Kingston Pk Ste A
Knoxville, TN  37919

Olathe Medical Services, Inc.
P.O. Box 505001
St. Louis, MO  63150-5001

Olathe Medical Services
Central Billing Office
14425 College Blvd, Ste 100
Lenexa, KS  66215-0000

Olathe Medical Center Inc.
20333 W. 151st St
Olathe, KS  66061

Office Of The United States Attorney
1200 Epic Center
301 N. Main
Wichita, KS  67202-0000

Office Of The United States Attorney
U.S. Courthouse, Ste 290
444 Southeast Quincy Street
Topeka, KS  66683-0000

Office Of The United States Attorney
Robert J. Dole U.S. Courthouse, Ste 360
500 State Avenue
Kansas City, KS  66101-0000

Northland Group Inc.
P.O. Box 390846
Minneapolis, MN  55439-0000

Nebraska Furniture Mar
700 S 72nd St
Omaha, NE  68114

NCO Financial Systems Inc.
P.O. Box 17205
Wilmington, DE  19850-7205

NCO Financial Systems Inc.
507 Prudential Road
Horsham, PA  19044-0000

NCB Management Services Inc.
P.O. Box 1099
Langhorne, PA  19047-0000

Nationwide Credit
P.O. Box 26314
Lehigh Valley, PA  18002

Midland Funding (original Creditor:citib
8875 Aero Dr Ste 200
San Diego, CA  92123

Midland Funding (original Creditor:chase
8875 Aero Dr Ste 200
San Diego, CA  92123

Midland Funding (org Creditor Target
8875 Aero Dr Ste 200
San Diego, CA  92123

Midland Credit Management Inc.
P.O. Box 60578
Los Angeles, CA  90060-0578

Midland Credit Management Inc.
8875 Aero Drive, Ste 200
San Diego, CA  92123-0000

Merchants Credit Adjusters, Inc.
17055 Frances St.
Omaha, NE  68130-0000

MCM
P.O. Box 603, Dept 12421
Oaks, PA  19456-0000

McGuigan Law Office, LLC
311 Veterans Highway, Ste 100A
Levittown, PA  19056-0000

McCray
10741 El Mounte St.
Overland Park, KS  66211

Leading Edge Recovery Solutions
5440 N. Cumberland Avenue, Ste 300
Chicago, IL  60656-1490

Leading Edge Rec. Sol
P.O. Box 129
Linden, MI  48451-0129

Laboratory Corp. Of America
American Medical Collection Agency
4 Westchester Plaza, Bldg 4
Elmsfiord, NY  10523

Krammer & Frank
1125 Grand Ste 600
Kansas City, MO  64106-2501

Krammer & Frank
9300 Dielman Ind Dr.
St. Louis, MO  63132-2205

Kramer&frank (original Creditor:medical)
9666 Olive Blvd Suite 450
St Louis, MO  63132

Wells Fargo
11809 Shawnee Mission Parkway
Shawnee, KS  66203

Venture Finanical Services, Inc.
Box 16568, 9500 East 63rd St., Ste 202
Raytown, MO  64133-0000

Venture Financial Services, Inc.
P.O. Box 16568
Raytown, MO  64133-0568

University Of Kansas Pysicians
P.O. Box 410208
Kansas City, MO  64141-0208

University Of Kansas Pysicians
P.O. Box 410389
Kansas City, MO  64141-0389

United Specialty Products
Lifetime Cookware
P.O. Box 36203
Denver, CO  80227

United Imaging Consultants LLC
P.O. Box 807001
Kansas City, MO  64180-7001

United Imaging Consultants LLC
5800 Foxridge Dr. 240
Mission, KS  66202

United Heating & Cooling Inc.
301 Duck Rd
Grandview, MO  64030

Unifund Ccr Partners (original Creditor:
10625 Techwoods Circle
Cincinnati, OH  45242

Thd/cbna
Po Box 6497
Sioux Falls, SD  57117

Stellar Recovery Inc (original Creditor:
1845 Highway 93 South
Kalispell, MT  59901

Stellar Recovery
1327 Highway 2 W. Suite 100
Kalispell, MT  59901-3413

St. Lukes South Hospital
C/O Venture Financial Services LLC
P.O. Box 16568, 9500 E. 63rd St., St 202
Raytown, MO  64133

St. Lukes Medical Group
14115 W. 95th St.
Lenexa, KS  66215

Sports Rehab & Physical Therapy
10701 Nall Avenue, Ste 130
Overland Park, KS  66211

Santander Consumer Usa
Po Box 961245
Ft Worth, TX  76161

Sallie Mae
Po Box 9500
Wilkes-barre, PA  18773-9500

Saint Lukes Medical Group
P.O. Box 740197
Atlanta, GA  30374-0197

RMS
77 Hartland St., Ste 401, Box 280431
East Hartford, CT  06128-0431

RGS Financial
P.O. Box 852039
Richardson, TX  75085-2039

QC Financial Services,
Quik Cash #014
129 W. Dennis
Olathe, KS  66061

Portfolio Recovery Associates LLC
P.O. Box 12903
Norfolk, VA  23541-0000

Portfolio Recovery Associates
120 Corporate Blvd, Ste 100
Norfolk, VA  23502

Portfolio
120 Corporate Blvd, Ste 100
Norfolk, VA  23502

Physicians Reference Laboratory, LLC
7800 W. 110th Street
Overland Park, KS  66210-0000